# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHONG SOOK LIM,<br><br>    Plaintiff,<br><br>    v.<br><br>CHILD PROTECTIVE SERVICES OF TULARE COUNTY, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00433-NONE-EPG<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION AS DUPLICATIVE OF CASE NO. 1:20-cv-01049-NONE-SKO<br><br>TWENTY (20) DAY DEADLINE |

Chong Sook Lim ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 16, 2021, Plaintiff filed the complaint commencing this action. (ECF No. 1). For the reasons that follow, the undersigned will recommend that this action be dismissed as duplicative of Lim v. Menne, No. 1:20-cv-01049-NONE-SKO.

## I.    LEGAL STANDARD

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" Adams, 487 F.3d at 688

(second alteration in original) (quoting <u>The Haytian Republic</u>, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." <u>Adams</u>, 487 F.3d at 689. <u>See also</u> <u>Serlin v. Arthur Anderson & Co.</u>, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." <u>Adams</u>, 487 F.3d at 688.

## II.    DISCUSSION

Plaintiff has two civil rights cases pending before this Court. On July 30, 2020, Plaintiff filed a complaint in the Eastern District of California, which is proceeding in <u>Lim v. Menne</u>, No. 1:20-cv-01049-NONE-SKO. The second case is the present case, No. 1:21-cv-00433-NONE-EPG, filed on March 16, 2021. (ECF No. 1).

In both this case and in Case No. 1:20-cv-01049-NONE-SKO, Plaintiff alleges that Tulare County Child Protective Services ("CPS") employees deprived Plaintiff of a Korean interpreter at their interviews conducted in 2014–2018, which resulted in the filing of false and inaccurate reports, which were later submitted to the family court judge and contributed to the loss of full custody of Plaintiff's child. In both cases, Plaintiff asserts violations of her right to familial association. In both cases, Plaintiff also asserts <u>Monell</u> claims regarding a policy of inadequate training and/or supervision related to the investigation of child abuse and a practice of presenting false and fabricate evidence to the family court. In both cases, CPS and Lydia Suarez are named as defendants.[1]

Having reviewed Plaintiff's two cases, the Court finds that the allegations, claims, and requested relief are nearly identical. In Case No. 1:20-cv-01049-NONE-SKO, Defendants Lydia

---

[1] In Case No. 1:20-cv-01049-NONE-SKO, Jennifer Menne and Melanie Huerta are also named as additional defendants. (<u>See</u> No. 1:20-cv-01049-NONE-SKO, ECF No. 7).

Suarez and CPS were dismissed on January 4, 2021, while the case proceeded only on Plaintiff's § 1983 familial association claim against Defendants Jennifer Menne and Melanie Huerta. (See No. 1:20-cv-01049-NONE-SKO, ECF Nos. 8–9). The complaint filed in the instant action appears to be an improper attempt to reinstate Plaintiff's claims against Lydia Suarez and CPS.

Based on the foregoing, the Court finds the instant case to be duplicative of Case No. 1:20-cv-01049-NONE-SKO. Therefore, this case should be dismissed.

**III.     RECOMMENDATION**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1.     This action be dismissed as duplicative of Lim v. Menne, No. 1:20-cv-01049-NONE-SKO; and

2.     The Clerk of Court be directed to close the case.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **TWENTY (20) days** after service of the Findings and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 5, 2021**                      /s/ Erica P. Grosjean
                                                       UNITED STATES MAGISTRATE JUDGE